**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, Arizona 85004-2595

**Lawrence A. Kasten** (State Bar No. 020204)
Direct Dial: 602.262.0228
Direct Fax: 602.734.3921
Email:   lkasten@lrrc.com

**Justin J. Henderson** (State Bar No. 026930)
Direct Dial: 602.262.5738
Direct Fax: 602.734.3937
Email:   jhenderson@lrrc.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| The American Automobile Association, Inc., a Connecticut corporation,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>AAA Auto Doctor, Inc., an Arizona corporation; and Patrick Lente,<br><br>                                    Defendants. | No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff The American Automobile Association, Inc. ("AAA") brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants AAA Auto Doctor, Inc. ("AAA Auto Doctor") and Patrick Lente (collectively, "Defendants"). AAA alleges as follows:

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125(d) and under 28 U.S.C. §§ 1331, 1337, and 1338. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

. . .

. . .

2. On information and belief, Defendants are subject to personal jurisdiction within the District of Arizona because Defendants conduct business and reside in this state.

3. Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the District of Arizona.

**NATURE OF THE ACTION**

4. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and Arizona law, Ariz. Rev. Stat. § 44-1448.01.  AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendants from using AAA's trademarks in the business name AAA Auto Doctor.

5. This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (collectively, the "AAA Marks").  Specifically, Defendants have used and continue to use the AAA Marks in connection with their operation of an automobile repair shop, AAA Auto Doctor, without authorization and with full knowledge that they are not authorized to use those marks.

6. Defendants' unlawful use of the AAA Marks is likely to cause—and in fact already may have caused—consumers to believe, erroneously, that Defendants are affiliated or associated with or have been endorsed by AAA, jeopardizing the goodwill and tarnishing the reputation associated with the AAA Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

. . .

7. Defendants' unlawful acts have lessened the capacity of the AAA Marks to identify and distinguish the products and services AAA provides under those marks and thus have diluted the distinctive quality of the marks.

8. In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the AAA Marks in Arizona to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## PARTIES

9. Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in Arizona.  AAA's services include travel and automobile products and services (including automobile repair services at its AAA Car Care Centers and through AAA approved automobile repair businesses), financial advice, insurance and warranty coverage, and discounts. AAA provides its products and services through local AAA member clubs, including AAA Arizona.

10. On information and belief, Defendant AAA Auto Doctor is a business operating under the laws of Arizona, with a principal place of business at 3256 South 80th Street, Mesa, Arizona 85212.  AAA Auto Doctor offers automobile repair and welding services in the Mesa area.

11. On information and belief, Defendant Patrick Lente is the owner of AAA Auto Doctor and resides at 2322 East Springfield Place, Chandler, Arizona 85286.

## FACTS ENTITLING AAA TO RELIEF

**A.    AAA's Widespread and Substantial Use of Its Registered AAA Marks**

12. Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based

. . .

largely on the quality and reliability of the products and services it offers through its AAA local clubs.

13.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as an advocate for travel safety and road improvement.  Today, AAA offers a broad range of products and services, including, but also going beyond, automobiles and travel.

14.     AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

15.     AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.

16.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying the AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

17.     As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States, including in Arizona, and throughout the world.  Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

18.     AAA and its local clubs have registered AAA-related domain names and maintain Internet websites through which AAA members and the general public may obtain information and, in some cases, purchase or use products and services (the

"AAA Websites"). The AAA Websites were created and operate to attract members and customers, encourage their interest in AAA and its local clubs, and offer products and services.

19. AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, including marks that AAA has used since at least 1902, in connection with the products and services offered to its members. The federal registrations Defendants are violating include:

a) Reg. No. 829,265, for the AAA mark, used in connection with a variety of automobile association services and emergency roadside services;

b) Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR mark & design, used in connection with automobile repair services;

c) Reg. No. 2,158,654, for the AAA mark & design, used in connection with a variety of automobile-related goods and services, including emergency roadside services; and

d) Reg. No. 3,604,164, for the AAA TOTAL REPAIR CARE mark, used in connection with auto diagnosis and repair services.

Copies of the registration certificates for the above marks are available on the USPTO website: http://www.uspto.gov.

20. Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

**B.**     **Defendants' Unlawful Use of the AAA Marks**

21. AAA never authorized Defendants to use the AAA Marks.

22. Nevertheless, on information and belief, Defendants have knowingly and willfully violated AAA's rights in the AAA Marks by using in commerce the business

. . .

name AAA Auto Doctor after the AAA Marks had become famous in Arizona, the United States, and abroad.

23. Defendant AAA Auto Doctor was incorporated on December 9, 2014.

24. In or around December 2015, AAA learned that Defendants were using the business name AAA Auto Doctor to designate and advertise automobile repair services that compete directly with services offered by AAA.

25. On January 13, 2016, and February 2, 2016, AAA sent letters by certified mail to Defendants' principal place of business, requesting that Defendants discontinue all use of the AAA Auto Doctor business name and mark and of any other confusingly similar marks.

26. On February 10, 2016, Defendant Patrick Lente responded, stating that the "AAA" in the AAA Auto Doctor business name stands for "Arizona Accurate Automotive" and that the trade name is legally registered with the State of Arizona.

27. On February 24, 2016, AAA responded to Mr. Lente's letter, explaining that, even if true, such circumstances do not insulate Defendants from liability for infringement and reiterating its request that Defendants cease all use of the AAA Marks.

28. Defendants failed to respond to this communication from AAA.

29. On information and belief, at the time Defendants' infringing use of the AAA Marks began, and at all times afterward, Defendants have known, or had reason to know, of AAA's rights in the AAA Marks, and have at all times known, or had reason to know, that those marks are famous and valuable.

30. On information and belief, Defendants knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers, knowing that consumers would wrongly believe that the use was sponsored or endorsed by, or associated or affiliated with, AAA. Indeed, this use already may have caused confusion among consumers.

. . .

7533880_1

31. Defendants' infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the AAA Marks.

32. Defendants' infringing use has lessened, and will continue to lessen, the capacity of the AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and, thus, dilute the distinctive quality of the AAA Marks.

33. Further, on information and belief, Defendants' infringing use has been and continues to be of commercial value to Defendants.

34. For the foregoing reasons, Defendants' infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of the AAA Marks.

## COUNT I

**(Federal Trademark Infringement in Violation
of Section 32 of the Lanham Act)**

35. AAA incorporates by reference all of the preceding paragraphs.

36. Defendants' infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of the AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' services in a manner likely to cause confusion, mistake, and deception.

37. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

38. These violations have irreparably damaged AAA, and it has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

39. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and

. . .

7533880_1

AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT II

**(Federal False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act)**

40. AAA incorporates by reference all of the preceding paragraphs.

41. Defendants' infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants. This conduct constitutes unfair competition and infringement of the AAA Marks.

42. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

43. Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

44. On information and belief, Defendants have received revenues and profits as a result of their infringing use, to which Defendants are not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendants are responsible.

## COUNT III

**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

45. AAA incorporates by reference all of the preceding paragraphs.

46. Defendants' infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after the AAA Marks

became famous, has diluted and continues to dilute the AAA Marks by tarnishing the good reputation associated with the AAA Marks and seeking to derive a commercial benefit from the value and goodwill associated with the AAA Marks.

47. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

48. Defendants' violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the infringing use, further injuring AAA and confusing the public.

## COUNT IV

### (Trademark Dilution in Violation of Arizona Law)

49. AAA incorporates by reference all of the preceding paragraphs.

50. Defendants' infringing use violates Section 44-1448.01 of the Arizona Revised Statutes, Ariz. Rev. Stat. § 44-1448.01. Defendants' infringing use is intended to derive a commercial benefit from AAA's already famous and distinctive marks, causing a likelihood of injury to AAA's business reputation and/or a dilution of the distinctive value and goodwill associated with the AAA Marks, causing damages to AAA.

51. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

52. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT V

### (Common Law Unfair Competition and Trademark Infringement)

53. AAA incorporates by reference all of the preceding paragraphs.

. . .

54. Defendants' unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under Arizona common law. AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

55. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

56. Defendants' unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the conduct, further injuring AAA and confusing the public.

57. On information and belief, Defendants have received revenues and profits as a result of its unlawful conduct, to which Defendants are not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendants are responsible.

## PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

1. Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

   a) Using without the authorization of AAA any of the AAA Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of the AAA Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in any other manner; and

   b) Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendants or their business or services

with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner.

2. Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items.

3. Require Defendants to abandon, cancel, delete, and/or withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark.

4. Require Defendants to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Auto Doctor, Inc.

5. Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

6. Require Defendants to pay AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117.

7. Require Defendants to account for and pay to AAA all profits derived by Defendants resulting from their use of the AAA Marks pursuant to 15 U.S.C. § 1117.

8. Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Arizona law.

1  9. Award AAA its attorneys' fees and costs in the event of default.

2  10. Award prejudgment interest on all liquidated sums.

3  11. Award such other and further relief as the Court deems just and proper.

4  DATED this 31st day of March, 2016.

5  LEWIS ROCA ROTHGERBER CHRISTIE LLP

7  By: /s/ Justin J. Henderson (#026930)
   Lawrence A. Kasten
8  Justin J. Henderson
   *Attorneys for Plaintiff*

12 Of Counsel:

13 Neil K. Roman
14 Covington & Burling LLP
   The New York Times Building
15 620 Eighth Avenue
16 New York, New York  10018
   Telephone:   (212) 841-1221
17 Facsimile:   (212) 841-1010

18 Ronald G. Dove
19 Rebecca B. Dalton
   Covington & Burling LLP
20 One CityCenter
21 850 Tenth Street Northwest
   Washington, DC  20001
22 Telephone:   (202) 662-5189
   Facsimile:   (202) 662-6291
23